UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

-against-

Jamel Goddard,

Defendant.



17 Cr. 439 (LAP)

MEMORANDUM AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is the Defendant's pro se letter-motion seeking to vacate and correct his sentence, dated August 16, 2018 [dkt. no. 29] ("motion"). For the reasons set forth below the motion is DENIED.

I. **Background**

Pursuant to a plea agreement, the Defendant pled guilty to one count of conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c). See Transcript of Proceedings as to Jamel Goddard re: Plea Held on 2/26/2018 before Judge Loretta A. Preska [dkt. no. 19] ("Transcript"). The parties agreed the correct guideline range was 235 to 293 months' imprisonment. (Id. at 5.) Further, the Defendant agreed he would not "appeal or otherwise litigate" a sentence within or below the guideline range agreed to by the parties. (Id. at 6.)

1

The Court sentenced Defendant to a term of 292 months' imprisonment.

## II. Legal Standard

Rule 35(a) provides that, within fourteen days of sentencing, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Rule 35(a) "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995) (quoting FED. R. CRIM. P. 35, Advisory Committee's Note, 1991).

"The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." Id.; see United States v. Eberhard, 03 Cr. 562 (RWS), 2005 WL 2172031, at *2 (S.D.N.Y. Sept. 8, 2005) ("Rule 35(a) does not authorize a sentencing court to reconsider either the facts or the sentencing guidelines underlying its originally imposed sentence.").

## III. Discussion

The Defendant's reliance on Rule 35(a) is misplaced. The Defendant challenges the Court's calculation of a base offense level of 30, arguing that the correct offense level is 24 where, as here, a defendant is convicted of conspiracy to commit sex trafficking. This argument, however, constitutes a challenge of the Court's "application . . . of the sentencing guidelines," rather than an attempt to remedy an "arithmetical, technical, or other clear error" contemplated by Rule 35(a). See FED. R. CRIM. P. 35(a). Accordingly, the Defendant's motion is improperly brought under Rule 35(a).

Second, the Defendant's motion is barred by the terms of the plea agreement. Defendant was sentenced to a term of imprisonment within the agreed upon guideline range, and the Defendant has waived his right to challenge this sentence.

Third, the Defendant never objected to the base offense level that he now challenges. Defendant alleges that on August 13, 2018, he informed the Court by a pro se letter that he disagreed with the base level offense, however, Defendant was represented by counsel, who did not raise any such argument. On August 15, 2018, when sentencing occurred, the Defendant did not object when the Court adopted the base offense level and guideline range from the Plea Agreement.

3

Lastly, the offense level and guideline range were correctly calculated. Because the Defendant pleaded guilty to a violation of Section 1594(c), a conspiracy charge, the correct guideline is U.S.S.G. § 2X1.1. Section 2X1.1, in turn, provides that the Court should apply the base offense level from the guideline for the substantive offense, which, here, is Section 1591(b)(2)—sex trafficking of a minor. The appropriate guideline for a violation of Section 1591(b)(2) is U.S.S.G. § 2G1.3, which carries a base offense level of 30.

**IV. Conclusion**

For the forgoing reasons the Defendant's motion [dkt. no. 29] is DENIED.

SO ORDERED.

Dated: New York, New York
September 17, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge