```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------
JAMEL GODDARD,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

17-CR-00439 (LAP)
22-CV-03288 (LAP)

OPINION & ORDER

------------------------------------

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Petitioner Jamel Goddard's pro se motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1]  The Government opposes the motion.[2]  For the reasons set forth below, Mr. Goddard's 28 U.S.C. § 2255 motion is denied.

I. **Background**

    a. **The Indictment**

On July 12, 2017, a grand jury charged Mr. Goddard in a four-count indictment.  (See Sealed Indictment ("Indictment"), dated July 12, 2017 [dkt. no. 2].)  Mr. Goddard was charged with

---

[1] See Motion to Vacate under 28 U.S.C. § 2255 ("Mot. Vacate"), dated Apr. 19, 2022 [dkt. no. 43]; see also Motion to Amend Petitioner's Original § 2255 Submission Pursuant to Fed. R. Crim. P. 52(b) ("Am. Mot."), dated Jan. 12, 2023 [dkt. no. 52]. Unless otherwise stated, all citations refer to 17-cr-00439.

[2] See Memorandum of Law of the United States of America in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence ("Gov't Opp."), dated Feb. 17, 2023 [dkt. no. 54].

1

violating 18 U.S.C. §§ 1591(a), 1591(b)(1), 1591(b)(2), 1594(c), 1952(a)(3), and 2 for his role in "direct[ing] and operat[ing] a domestic sex trafficking and prostitution enterprise . . . the purpose of which was sexually exploiting vulnerable minor and adult women . . . for his own profit." (See id. at 1, 11.)

Count One of the Indictment charged Mr. Goddard with conspiring to sex traffic individuals, both minor and adult women, in violation of 18 U.S.C. § 1594(c). (See id. at 1-5.) Count Two of the Indictment charged Mr. Goddard with sex trafficking an adult victim in violation of 18 U.S.C. §§ 1591(a), 1591(b)(1), and 2. (See id. at 5-6.) Count Three of the Indictment charged Mr. Goddard with sex trafficking a minor victim in violation of 18 U.S.C. §§ 1591(a), 1591(b)(2), and 2. (See id. at 6-7.) Count Four of the Indictment charged Mr. Goddard with using interstate commerce to promote unlawful activity in violation of 18 U.S.C. §§ 1952(a)(3) and 2. (See id. at 7-8.)

    **b.**   **Plea Agreement**

On February 26, 2018, Mr. Goddard and the Government entered into a plea agreement as to Count One of the Indictment, with the Government agreeing to dismiss the other counts at the time of sentencing. (See Plea Agreement, dated Feb. 26, 2018 [dkt. no. 32-1] at 1.) The Court accepted the terms of the Plea Agreement. (See Transcript of Proceedings as to Change of Plea

2

Hearing as to Jamel Goddard ("Plea Hearing Tr."), dated Feb. 26, 2018 [dkt. no. 19] at 7:7-8.)

In the Plea Agreement, Mr. Goddard agreed to a base offense level of 30, an applicable offense level of 33, a stipulated Guidelines Range of 235 to 293 months imprisonment, and to waive his right to bring a direct appeal or a collateral challenge to any sentence within or below that range.  (See Plea Agreement at 2-3, 6-7; Plea Hearing Tr. at 5:21-6:14.)

    c.    **Sentencing**

On August 15, 2018, the Court sentenced Mr. Goddard to 292 months imprisonment, (see Judgment in a Criminal Case ("Judgment"), dated Aug. 15, 2018 [dkt. no. 30] at 2), which was within the stipulated Guidelines Range of 235 to 293 months imprisonment, (see Plea Agreement at 6).

    d.    **Post-Sentencing Proceedings**

On August 16, 2018, Mr. Goddard sent a pro se letter-motion seeking an order correcting the sentence the Court imposed the previous day, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, and requesting that the Court appoint new Criminal Justice Act ("CJA") counsel.  (See dkt. no. 29 at 1.) On September 17, 2018, the Court denied his motion to vacate and correct his sentence.  (See dkt. no. 35 at 1.)  On October 10, 2018, the Court relieved Mr. Goddard's attorney, Mr. Florian

3

Miedel, and appointed Mr. Jesse Siegel as Mr. Goddard's new CJA counsel.  (See dkt. no. 37.)

On August 20, 2018, Mr. Goddard appealed his conviction.  (See dkt. no. 31.)  The Second Circuit affirmed his conviction on July 17, 2019.  See Order, United States v. Goddard, No. 18-2442, (2d Cir. July 17, 2019), dkt no. 52.  The mandate issued on September 30, 2019.  (See Mandate of USCA ("USCA Mandate"), dated Sept. 30, 2019 [dkt. no. 41].)

    e.    **The Instant Motion**

On April 19, 2022, Mr. Goddard filed a pro se letter asking the Court to "see to it that [he] can reinstate [his] Notice of Appeal and or a 2255."  (See Mot. Vacate at 1.)  On April 26, 2022, the Court found that Mr. Goddard's letter should be construed as a motion under 28 U.S.C. § 2255.  (See dkt. no. 44 at 3.)  On January 12, 2023, Mr. Goddard filed his pro se 28 U.S.C. § 2255 Motion to Amend and Correct.  (See Am. Mot.)

Mr. Goddard's principal argument for amending his sentence is that this Court erred when it concluded his base offense level was 30, pursuant to U.S.S.G. § 2G1.3(a)(2).  (See id. at 2.)  Mr. Goddard argues that the correct base offense level was 24, pursuant to U.S.S.G. § 2G1.3(a)(4).  (See id.)  Mr. Goddard only challenges the base offense level and does not challenge the level adjustments that led to an applicable Guidelines offense level of 33.  (See id.; Plea Agreement at 2-3.)

4

On February 17, 2023, the Government filed its opposition. (See Gov't Opp.)  The Government argues Mr. Goddard's motion should be denied because (1) it is time-barred, (2) he waived his right to challenge his sentence, and (3) the Court properly calculated his sentence under the Sentencing Guidelines.  (See id. at 1.)

## II. Legal Standards

### a. Motion to Vacate

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds, inter alia, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  If the Court finds "that the sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  Id. § 2255(b).

Relief under 28 U.S.C. § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal citations and quotations omitted).  Because a 28

U.S.C. § 2255 motion is a collateral attack on a final judgment to a previous criminal conviction, it is not judged by the "plain error" standard but the "cause and actual prejudice" standard.  See United States v. Frady, 456 U.S. 152, 166-67 (1982).  Under this standard, Mr. Goddard "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id. at 167-68.

1. **Statute of Limitations for Motions Filed Under Section 2255**

As relevant to Mr. Goddard's motion, federal prisoners have one year to file a 28 U.S.C. § 2255 motion from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).

The Supreme Court has stated that "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  Clay v. United States, 537 U.S. 522, 525 (2003).  Individuals have 90 days to petition the Supreme Court for certiorari following an appellate court's decision.  See Wapnick v. Comm'r Internal Revenue, 365 F.3d 131, 132 (2d Cir. 2004) (citing Sup.Ct. R. 13.1).

### 2. **Plea Agreement Waivers**

Waivers in a plea agreement in which the defendant agrees not to appeal a sentence within the stipulated Guidelines Range are generally enforceable in the Second Circuit. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001). To be enforceable, the defendant must make his or her waiver knowingly and voluntarily. See United States v. Salcido-Contreras, 990 F.2d 51, 51, 53 (2d Cir. 1993) ("In no circumstance, however, may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement").

In the Second Circuit, only under limited circumstances have waivers of appellate rights not been enforced. These include

> "when the waiver was not made knowingly, voluntarily, and competently . . . when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases . . . when the government breached the plea agreement . . . or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus."

United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations and quotations omitted).

### III. **Discussion**

Mr. Goddard's motion is denied because it is time-barred and because he knowingly waived his right to appeal. Further, Mr. Goddard's claim fails on the merits because the Court correctly applied the Sentencing Guidelines when it calculated his sentence.

#### a. **The Motion is Time-barred**

As the Court will explain in detail below, Mr. Goddard missed his window to file a 28 U.S.C. § 2255 petition. On December 29, 2019, Mr. Goddard's conviction became final, and, consequently, his deadline to file a 28 U.S.C. § 2255 petition became December 29, 2020. Because Mr. Goddard did not express his intention to file a 28 U.S.C. § 2255 petition until April 19, 2022,[3] (see Mot. Vacate), the motion is time-barred.

Mr. Goddard's conviction became final on December 29, 2019, because the Second Circuit issued the mandate affirming his conviction on Sept. 30, 2019, (see USCA Mandate), and he failed to file a petition for certiorari within the 90-day window to do so, as prescribed by Supreme Court Rule 13.1. See Wapnick, 365 F.3d at 132 (explaining that court of appeals' decisions become final if an individual does not petition for certiorari within Supreme Court Rule 13.1's 90-day window). Thereafter,

---

[3] The letter was dated Apr. 5, 2022 and was received by the Court on Apr. 19, 2022.

8

Mr. Goddard had one year to file his 28 U.S.C. § 2255 motion. See 28 U.S.C. § 2255(f)(1); Clay, 537 U.S. at 532 ("§ 2255's one-year limitation period starts to run when the time for seeking such review expires"). Therefore, Mr. Goddard's deadline to file his 28 U.S.C. § 2255 motion expired on December 29, 2020. Because Mr. Goddard filed his petition nearly sixteen months after the time permitted by 28 U.S.C. § 2255(f), his motion is denied as time-barred.

b. **Mr. Goddard Waived His Right to Challenge His Sentence**

In his plea agreement, Mr. Goddard agreed to the base offense level of 30, an applicable offense level of 33, the stipulated Guidelines Range of 235 to 293 months imprisonment, and to waive his right to make a direct appeal or bring a collateral challenge to any sentence within such range. (See Plea Agreement at 2-3, 6-7; Plea Hearing Tr. at 5:21-6:14.) On August 15, 2018, Mr. Goddard was sentenced to 292 months imprisonment. (See Judgment at 2.) Mr. Goddard cannot now challenge his sentence because 292 months was within the stipulated Guidelines Range and he waived his right to challenge a sentence within that range. There is no indication that he did not make this waiver voluntarily, knowingly, or competently. As a result, the Plea Agreement waiver is enforceable absent evidence of a recognized exception to enforceability. See Salcido-Contreras, 990 F.2d at 53.

9

None of the limited exceptions to enforcing Plea Agreement waivers are applicable. See Gomez-Perez, 215 F.3d at 319. These limited exceptions include when the waiver was not made knowingly, voluntarily, and competently; when the sentence was imposed based upon constitutionally impermissible factors such as racial or ethnic biases; when the government breached the plea agreement; and when the sentencing court failed to provide any rationale for the sentence. See id. Mr. Goddard's pro se petition, (see Am. Mot.), does not raise anything to indicate that any of the above occurred. As a result, Mr. Goddard may not challenge his sentence.

   c.   **The Court Correctly Calculated the Guidelines**

Mr. Goddard interprets U.S.S.G. § 2G1.3, the applicable section of the Sentencing Guidelines, to entitle him to a base offense level of 24. (See Am. Mot. at 2.) Guideline § 2G1.3 states that for the crime of sex trafficking a minor, the base offense level should be

> "(1) **34,** if the defendant was convicted under 18 U.S.C. § 1591(b)(1);
> (2) **30,** if the defendant was convicted under 18 U.S.C. § 1591(b)(2);
> (3) **28,** if the defendant was convicted under 18 U.S.C. § 2422(b) or § 2423(a); or
> (4) **24,** otherwise."

U.S.S.G. § 2G1.3(a). Mr. Goddard believes he was "otherwise" convicted within the meaning of U.S.S.G. § 2G1.3(a)(4) because he was convicted under the 18 U.S.C. § 1594(c) conspiracy

10

statute,[4] not the other statutes specifically mentioned in U.S.S.G. § 2G1.3(a): 18 U.S.C. §§ 1591(b)(1), 1591(b)(2), 2422(b), or 2423(a). (See Am. Mot. at 2.) As a result, he asserts that U.S.S.G. § 2G1.3(a)(4)'s catch-all provision applies to him. (See id.)

Mr. Goddard's interpretation of the Sentencing Guidelines is incorrect. The base offense level for conspiracy to commit a crime is "[t]he base offense level from the guideline for the substantive offensive" unless the conspiracy is addressed by a specific offense Guideline. See U.S.S.G. § 2X1.1(a). No other Guideline applies to a 18 U.S.C. § 1594(c) conspiracy to violate 18 U.S.C. § 1591. See United States v. Valdez, No. 19-12522, 2021 WL 3478402, at *4-5 (11th Cir. Aug. 9, 2021) (explaining that the commentary to U.S.S.G. § 2X1.1, U.S.S.G. § 2X1.1 cmt. n.1, identifies all of the Guidelines that specifically cover conspiracies and none apply to a 18 U.S.C. § 1594(c) conspiracy to violate 18 U.S.C. § 1591). Therefore, U.S.S.G. § 2X1.1 applies. See id.

Mr. Goddard's substantive offense is 18 U.S.C. § 1591(b)(2), which, under U.S.S.G. § 2G1.3(a)(2), warrants a

---

[4] Section 1594(c) states that "[w]hoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both." 18 U.S.C. § 1594(c).

11

base offense level of 30.  (See Plea Agreement at 2.)  Thus, the Court correctly calculated the Guidelines offense level for his conspiracy conviction under 18 U.S.C. § 1594(c).  The parties articulated this calculation in their Plea Agreement.  (See id.) ("Pursuant to U.S.S.G. § 2X1.1(a), the base offense level for the conspiracy charged in Count One is determined by calculating the base offense level for the substantive offense, namely sex trafficking of a minor, in violation of 18 U.S.C. § 1591(b)(2). U.S.S.G. § 2G1.3 is therefore applicable. . . . Pursuant to U.S.S.G. § 2G1.3(a)(2), because Count One involved a violation of 18 U.S.C. § 1591(b)(2), the base offense level is 30.")

    **1.** **The Eleventh's Circuit's Reasoning in Valdez is More Persuasive Than The Ninth Circuit's Reasoning in Wei Lin**

Mr. Goddard cites United States v. Wei Lin, 841 F.3d 823 (9th Cir. 2016), to support his argument for amending his sentence.  (See Am. Mot. at 2.)  In Wei Lin, the Ninth Circuit held that the district court erred in calculating Mr. Lin's base offense level when it interpreted the applicable Guideline, U.S.S.G. § 2G1.1.  See Wei Lin, 841 F.3d at 825.  Guideline § 2G1.1 states that for the crime of sex trafficking, the base offense level should be

> "(1) **34**, if the offense of conviction is 18 U.S.C. § 1591(b)(1); or

>    (2) **14,** otherwise."

U.S.S.G. § 2G1.1(a).  The Ninth Circuit held that a base level of 34 could not apply to Mr. Lin because he was convicted of violating 18 U.S.C. § 1594(c), with the substantive offense underlying his conviction being 18 U.S.C. § 1591(a), and his plea agreement and judgment did not mention 18 U.S.C. § 1591(b)(1).  See Wei Lin, 841 F.3d at 825-26.  The Ninth Circuit found that the district court erred when it reasoned that the "offense of conviction" should be determined by looking at the offense conduct.[5]  Id. at 826.  Instead, the Ninth Circuit held that the correct interpretation of U.S.S.G. § 2G1.1(a)(1) is that "a base offense level of 34 applies only when the defendant is actually convicted of an offense subject to punishment provided in 18 U.S.C. § 1591(b)(1)," which is a fifteen-year mandatory minimum sentence.[6]  See id. at 826-27.

Although Mr. Goddard's case is similar to Mr. Lin's because they were both convicted of conspiracy to commit sex trafficking

---

[5] The district court concluded that the offense of conviction was 18 U.S.C. § 1591(b)(1) because Mr. Lin's underlying substantive offense was violating 18 U.S.C. § 1591(a) by means of fraud or coercion, and 18 U.S.C. § 1591(b)(1) punishes violations of 18 U.S.C. § 1591(a) that are committed by fraud or coercion.  See Wei Lin, 841 F.3d at 826.

in violation of 18 U.S.C. § 1594(c), Mr. Goddard's underlying substantive offense and applicable Guideline were different from Mr. Lin's.  The underlying substantive offense in <u>Wei Lin</u> was sex trafficking through force, fraud, or coercion under 18 U.S.C. § 1591(a), whereas Mr. Goddard's underlying substantive offense was sex trafficking of children under 18 U.S.C. § 1591(b)(2).  Because the conspiracy in <u>Wei Lin</u> did not involve the sex trafficking of children, U.S.S.G. § 2G1.1 applied ("Promoting a Commercial Sex Act or Prohibited Sexual Conduct <u>with an Individual Other than a Minor</u>") (emphasis added).  For Mr. Goddard, U.S.S.G. § 2G1.3 applies ("Promoting a Commercial Sex Act or Prohibited Sexual Conduct <u>with a Minor</u>") (emphasis added).

<u>Valdez</u> is nearly identical to Mr. Goddard's case.  <u>See</u> No. 19-12522, 2021 WL 3478402.  As such, it provides better guidance for the Court than <u>Wei Lin</u>, which the <u>Valdez</u> court found distinguishable.  <u>See id.</u> at *5-6.  In <u>Valdez</u>, the Eleventh Circuit upheld the district court's determination of a base

---

[6] Section § 1591(b)(1) states that the punishment for an offense under 18 U.S.C. § 1591(a) should be "a fine under this title and imprisonment for any term of years not less than 15 or for life" if "the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense[.]"  18 U.S.C. § 1591(b)(1).

offense level of 30 for a defendant who, like Mr. Goddard, pleaded guilty to conspiring to sex traffic a minor in violation of 18 U.S.C. § 1591(b)(2).  See id. at *2, *4-6.  (See also Plea Agreement at 1-2.)

In Valdez, the Eleventh Circuit held that the plain language of the Guidelines, along with its commentary, "show that the Sentencing Commission chose to punish both" the conspiracy offense, 18 U.S.C. § 1594(c), and the substantive offense, 18 U.S.C. § 1591(b)(2), "the same way."  See 2021 WL 3478402, at *4.  The Eleventh Circuit reached that conclusion because U.S.S.G. § 2X1.1(a) states that the base offense level for a conspiracy is "[t]he base offense level from the guideline for the substantive offense," and application note 2 to U.S.S.G. § 2X1.1 explains that the substantive offense is "the offense that the defendant was convicted of . . . conspiring to commit." Id. at *5 (internal quotations and citations omitted).  Further, the Eleventh Circuit found that application note 7 to U.S.S.G. § 1B1.3 clearly explained that when a Guideline makes a base offense level dependent upon the defendant's conviction under a particular statute, that same base offense level will apply when the defendant was convicted of conspiring to violate that particular statute.  See id. (citing U.S.S.G. § 1B1.3 cmt. n.7).

After concluding that the plain meaning of the applicable Guidelines and their commentary required finding a base offense

15

level of 30, the Eleventh Circuit went on to distinguish Wei Lin.  See id. at *5-6.  The Eleventh Circuit found Wei Lin distinguishable because, as mentioned above, Mr. Lin pleaded guilty to conspiring to violate a different statute "because minors were not involved" and thus "[a] different guideline—U.S.S.G. § 2G1.1—covered the substantive offense that was the object of the conspiracy[.]"  See id. at *5.

Further, the Eleventh Circuit found that U.S.S.G. § 2G1.1's language differed materially from U.S.S.G. § 2G1.3, the Guideline applicable to Mr. Valdez and Mr. Goddard.  See id. at *6.  Guideline § 2G1.1(a) says that a base offense level should be 34 "(1) [] if the offense of conviction is 18 U.S.C. § 1591(b)(1); or (2) 14, otherwise."  U.S.S.G. § 2G1.1(a) (emphasis added).  In contrast, U.S.S.G. § 2G1.3(a)(2) requires a base offense level of 30 "if the defendant was convicted under 18 U.S.C. § 1591(b)(2)."  U.S.S.G. § 2G1.3(a)(2) (emphasis added).  It was the "offense of conviction," not the "was convicted under" language that the court construed in Wei Lin.  See Valdez, 2021 WL 3478402, at *6.  As such, the Eleventh Circuit found that Wei Lin's statutory "analysis does not apply here."  Id. at *6.

In sum, Valdez's reasoning is persuasive because, like Mr. Valdez, Mr. Goddard was convicted of conspiring to sex traffic a minor under 18 U.S.C. § 1591(b)(2), and the Valdez

16

court applied the same Guideline, U.S.S.G. § 2G1.3. In contrast, Mr. Lin was convicted of conspiring to sex traffic a person other than a minor under 18 U.S.C. § 1591(a), which required a different applicable Guideline with distinctively different language.

Accordingly, the Court properly calculated the Guidelines Range when Mr. Goddard received a base offense level of 30 under U.S.S.G. § 2G1.3(a)(2). Mr. Goddard was not entitled to a base offense level of 24 because he was not "otherwise" convicted within the meaning of U.S.S.G. § 2G1.3(a)(4).

## IV. Conclusion

For the foregoing reasons, Mr. Goddard's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied.

The Clerk of the Court is directed to close the open motions, (dkt. nos. 43 and 52 in case no. 17-CR-00439 and dkt. nos. 1 and 10 in case no. 22-CV-03288), and close case number 22-CV-03288. The Clerk of the Court shall mail a copy of this order to Mr. Goddard.

**SO ORDERED.**

Dated:     December 11, 2023
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge